IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANGELES PARTNERS X, etc.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 05-0290-WS-B** |
| | ) |
| **RAI DUNBAR,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter is before the Court on the plaintiff's motion to remand.  (Doc. 6).  The defendant has declined the opportunity to respond, (Doc. 7), and the motion is now ripe for resolution.

    The defendant removed pursuant to 28 U.S.C. § 1443.  To justify removal under Section 1443, the defendant must establish two things:  "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality. ...  Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts."  *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)(internal quotes omitted).  "Failure to satisfy either prong of the test is of course fatal."  *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979).

    The defendant has prepared an amended answer alleging that the plaintiff's "attempt to evict [the defendant] ... was motivated in whole or a substantial part upon her race and/or color in violation of 42 U.S.C. § 3604."  (Doc. 1, Amended Answer, ¶ 5).  This allegation of race discrimination in violation of the Fair Housing Act satisfies the first requirement for removal under Section 1443.  *E.g., Emigrant Savings Bank v. Elan Management Corp.*, 668 F.2d 671, 683 (2nd Cir. 1982).

    Satisfying the second element "normally requires that the denial be manifest in a formal expression of state law, ... such as a state legislative or constitutional provision."  *Emigrant Savings Bank v. Elan Management*, 608 F.2d at 1022 (internal quotes omitted).  Absent such an unequivocal expression of state nullification of federal rights, the defendant must identify "an equivalent basis ... for

an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." *Id*. (internal quotes omitted).

The defendant does not suggest that Alabama has on its books any law that on its face reflects her inability to vindicate her federal rights in state court. Instead, in reliance on *Sofarelli v. Pinellas County*, 931 F.2d 718, 725 (11th Cir. 1991), she notes that "[r]emoval under 28 U.S.C. § 1443 is proper when a lawsuit filed in the state court is itself the act by which the movant's civil rights are violated." (Doc. 1, ¶ 3). *Sofarelli*, however, does not establish that a simple allegation of racial motivation by the plaintiff is sufficient to support removal. On the contrary, the mere act of suing the defendant can satisfy the second requirement for removal only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and *explicit* state or federal *law* that those rights will *inevitably* be denied by the very act of bringing the defendant to trial in the state court." *Sunflower County Colored Baptist Association v. Trustees of Indianola Municipal Separate School District*, 369 F.2d 795, 797 (5th Cir. 1966) (emphasis added)(internal quotes omitted). While a state suit brought in the face of a federal law "expressly immuniz[ing] the defendants from prosecution" will satisfy this test, "allegations of corruption or unfairness preceding or during a particular court proceeding do not." *Alabama v. Conley*, 245 F.3d at 1297-98.[1] Without any allegation or evidence that the plaintiff's action will inevitably lead to the defendant being evicted on the basis of her race, she cannot satisfy the second requirement for removal under Section 1443.[2]

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Mobile County.

---

[1]*See also Williams v. Tri-County Community Center*, 452 F.2d 221, 223 n.4 (5th Cir. 1971)(the mere filing of a suit can support removal when a federal statute prohibits efforts to intimidate the exercise of federal rights, because the suit itself constitutes intimidation).

[2]To the extent *Sofarelli* can be read as supporting removal in this case, it does not do so. Because the litigants agreed that removal satisfied Section 1443, *see* 931 F.2d at 725, this portion of *Sofarelli* is at best dicta. Moreover, because *Sunflower County* was decided before *Sofarelli*, the latter panel was powerless to overrule the prior precedent.

DONE and ORDERED this 5th day of July, 2005.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE